UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Respondent,<br><br>     v.<br><br>CHUCK ARLAND MCFADDEN,<br><br>          Movant. | No.  2:99-cr-432-WBS-EFB<br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding without counsel with a second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  In the instant motion, he challenges the sentence imposed following his 2000 conviction for five offenses involving the possession and distribution of methamphetamine.   He admits that he previously filed a section 2255 motion challenging the same conviction, and that the motion was denied on April 21, 2004.  *See* ECF No. 64; *see also* ECF No. 34 (movant's Feb. 23, 2001 § 2255 motion); ECF No. 51 (Magistrate Judge's Feb. 23, 2004 Findings and Recommendations to deny movant's Feb. 23, 2001 § 2255 motion); ECF No. 55 (District Judge's Mar. 17, 2004 Order adopting Findings and Recommendations in full and denying movant's Feb. 23, 2001 § 2255 motion).  As explained below, this section 2255 motion is second or successive and this court lacks jurisdiction to consider it.

/////

1

Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." However, a "petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). Pursuant to section 2255(h), a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The record demonstrates that movant previously filed a section 2255 motion to vacate, set aside or correct his sentence, and the court denied the motion. ECF Nos. 34, 55. Given that movant previously filed a section 2255 motion challenging the 2000 conviction, the instant motion constitutes a "second or successive motion," which this court cannot adjudicate unless movant first obtains the requisite certification from the U.S. Court of Appeals for the Ninth Circuit. Nothing in the record indicates that movant has obtained such a certification. Therefore, this court is without jurisdiction. *See Alaimalo v. United States*, 645 F.3d 1042, 1054 (9th Cir. 2011) ("A second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district court to do so").

Accordingly, IT IS HEREBY RECOMMENDED that movant's second motion (ECF No. 64), filed pursuant to 28 U.S.C. § 2255, be denied without prejudice for lack of jurisdiction and the Clerk be directed to close the companion civil case, No. 2:13-cv-2415-WBS-EFB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the movant).

Dated: January 29, 2014.

      EDMUND F. BRENNAN
      UNITED STATES MAGISTRATE JUDGE